## BRYAN v. DALLAS JOINT–STOCK LAND BANK OF DALLAS et al.

### No. 11471.

Court of Civil Appeals of Texas. Dallas.

Dec. 16, 1933.

W. L. Eason, Jno. Maxwell, and Sam Dardnne, all of Waco, and Lively & Dougherty, of Dallas, for appellant.

Renfro, Ledbetter & McCombs, of Dallas, for appellees.

LOONEY, Justice.

The Dallas Joint-Stock Land Bank, appellee, sued Alva Bryan, appellant, to recover balance of $25,475.42 due upon a promissory note originally for $26,600, executed by appellant payable to appellee in 37 equal annual installments, also to foreclose the lien of a deed of trust upon 7,107 acres of land located in Burnett county, given by appellant to secure payment of the note. Robert D. Goodrich, claiming an interest in the land, was made a defendant.

Appellee sought and obtained the appointment of a receiver on the alleged existence of two statutory grounds, to wit: (1) That appellant had defaulted in the payment of an installment due upon the note, thus failing to perform a condition of the mortgage, and that the land was insufficient in value to discharge the mortgage debt; and (2) that the land (a ranch) was being heavily overpastured, the grass turf destroyed, and the land materially injured.

In an ex parte proceeding, had on December 7, 1932, without notice to appellant, the court appointed a receiver; thereafter, on January 3, 1933, appellant filed a motion to vacate the receivership, which was heard and denied February 3, 1933, from which Bryan appealed.

Before considering the grounds urged by appellant for reversal, we will dispose of the following counterproposition: Appellee contends that appellant is in no position to complain of the action of the court, because he owned no interest in the land.

This contention is based upon facts substantially as follows: The deed of trust executed by appellant provides, among other things,

that, if default be made in payment of any installment, appellee, or its assigns, may proceed to foreclose, by suit or sale under the trust deed, to satisfy the unpaid installment, without exhausting the power of sale or discharging the lien securing the remainder of the indebtedness, and that such sale will be subject to the unpaid installments of the note. The contention is that appellant defaulted in payment of the first installment; that the same was assigned to defendant Goodrich, who caused the land to be advertised and sold under the terms of the trust deed by a substitute trustee; and that at such sale Goodrich purchased and became owner of the land subject to the unpaid portion of the original note. The record discloses further that, immediately after the sale and conveyance of the land to Goodrich, appellant filed suit against Goodrich in the district court of Burnett county, to set aside the sale, on allegations not necessary to be mentioned here; and, thereupon, Goodrich instituted, in the same court, an action of trespass to try title against appellant to recover the land. These suits appear to be pending.

 The contention of appellee is overruled. We are not called upon to adjudicate in a collateral proceeding the merits of these controversies. Appellant is sued here as the maker of the note and as mortgagor of the land; he is in possession, maintaining on the ranch several hundred cattle, over 1,500 goats, besides several saddle horses. Under these circumstances, appellant is entitled to complain of the action of the court, dispossessing him of the ranch property, through the instrumentality of the receivership, and this without regard to the merits or ultimate result of the suits pending in Burnett county.

For reversal, appellant contends that the undisputed evidence on the motion to vacate the receivership disproved the existence of the statutory grounds relied upon by appellee for the appointment.

It satisfactorily appears that appellant failed to perform a condition of the mortgage, in that he defaulted in the payment of an installment due upon the note; but default alone is not sufficient to authorize the appointment of a receiver; in addition, it must appear that the security is probably insufficient to discharge the mortgage debt.

On this issue appellant testified that the land was worth $10 per acre ($71,070), and nine resident citizens of Lamapsas and Burnett counties, familiar with the ranch property for periods, ranging from eight to thirty years (testifying by affidavit), valued the land from $8 per acre ($56,856) the lowest, to $15 per acre ($106,605) the highest. This evidence is undisputed and, in our opinion, refutes the contention that the property is probably insufficient to discharge the mortgage debt.

On the issue that the land was being heavily overpastured, thereby inflicting a material injury, the undisputed testimony of appellant and the nine citizens of Lamapsas and Burnett counties, mentioned above, is to the effect that the land had an abundant growth of grass, was not overstocked, was capable of sustaining a larger number of stock than were being pastured, that the grass turf was not being injured or destroyed, and that, during the time affiants have known the ranch, it was never more capable of sustaining the number of stock being pastured, and even more.

The statutory right of a mortgagee to have a receiver take charge of mortgaged property during the pendency of a foreclosure suit is based upon the idea that such action is necessary to protect the interest of the mortgage, and, unless the security is endangered or impairment in value threatened, the mortgagee is not prejudiced and cannot complain. We think the evidence forbids the idea that the ranch was either overpastured or being materially injured.

The grounds relied upon by appellee for the appointment being disproven, the order appointing the receiver is reversed and judgment is here rendered for appellant, vacating the receivership.

Receivership vacated.